

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-2546-A
Re: Reconsideration of
Opinion No. O-2546,
concerning the basis
for payment of officer's
salary in Nueces County
after the 1940 Federal
Census became official.

We are in receipt of your letter of recent date
requesting the opinion of this department on the above
stated matter. Your letter reads, in part, as follows:

"Under date of August 5, 1940 the above
numbered opinion was rendered to the writer
with reference to the salaries to be paid to
the fee officers of Nueces County after the
1940 Federal Census became official. In
this opinion it is set forth that Nueces
County could not pay the salaries of the
fee officers of Nueces County on the basis
of the bracket of 60,001 to 100,000 inhabi-
tants. Inasmuch as Article 3912-E states
that the officers in the bracket just pre-
ceding the above mentioned, namely, 37,501
to 60,000, and in which bracket Nueces
County was operating could not receive more
than the maximum amount allowed such officers
under the existing laws of August 24, 1935.

"On August 24, 1935 Nueces County, being
in the population bracket of 37,501 to 60,000
the fee officers maximum salary was $3,750.00.
However, Article 3883 allows this amount to
be increased by $500.00, which represents one
third of excess fees, thereby making the maxi-
mum $4,250.00. In addition to the above amount
there is a provision in Section 13 of Article

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. J. Wilde, Page 2

3912-E which states:

"'Provided that in counties having
a population of 37,500 and less than
60,000 according to the last preceding
Federal Census, and having an assessed
valuation in excess of $20,000,000.00
according to the last preceding approv-
ed tax roll of such county, the maximum
amount allowed such officers as salar-
ies, may be increased 1% for each
$1,000,000.00 valuation or fractional
part thereof, in excess of said
$20,000,000.00 valuation over and above
the maximum amount allowed such officer
under laws existing on August 24, 1935.'

"The valuation in Nueces County on August
24, 1935 was $33,492,736.00. Therefore, if, in
accordance with your opinion, we use the 1930
census as a measuring stick insofar as the maxi-
mum amount for fee officers is concerned, why
then would not the fee officers of Nueces County
be allowed an additional 14% added to the
$4,250.00 which was the maximum he could receive
at that time. The additional 14% represents
the valuation in excess of $20,000,000.00 as
mentioned in the above quotation. It is pos-
sible that we might go further, if we are to
assume that the 37,501 to 60,000 is the
measuring stick, and increase the percentage
over and above the maximum of the basis of
the 1944 valuation which was $89,480,000.00,
as this value is shown on the last preceding
tax roll of Nueces County. If we are correct
in this matter then there is a possibility of
increasing the salaries of the fee officers
in Nueces County by 70%. It is quite evident
that the basis under which the salaries of
the fee officers are to be paid remain at the
figure shown for the population of the 1930
census and I respectfully refer you to Opin-
ion O-2582 rendered to the County Attorney
and County Auditor of Travis County, Texas.
This opinion, on page seven, the fifth para-
graph reads:

Honorable C. J. Wilde, Page 3

> "' Your fifth question becomes moot
> in view of our holding that $4,750.00 is
> the maximum salary to be allowed district
> and county officers of Travis County under
> the Officers' Salary Law.'

"The above quotation shows that even though
the 1941 census would move Travis County into the
bracket of 101,000 and not more than 150,000, the
officers are advised that the maximum would be
$4,750.00, which comes within the bracket of
60,001 to 100,000. We also call to your attention
the fact that under Article 3912-E, Section 6,
Nueces County, in accordance with the participation
on the basis of per capita population in the above
mentioned Section 6, is being reimbursed on the
basis of the population in Nueces County accord-
ing to the 1930 census. Therefore, we feel that
the per capita tax is paid on the basis of the
1930 population and other counties are advised
that they used the 1930 population as a measur-
ing stick, then why should not the special
provisions allowed in Section 13 of Article
3912-E apply to Nueces County and allow the
fee officers to be paid on the basis of the
maximum plus the percentage in valuation over
and above the $20,000,000.00 valuation men-
tioned in Section 13 applying to counties
having a population of not more than 60,000.

"In view of the facts we respectfully ask
that your Opinion O-2546 be reconsidered."

As a general provision with reference to the mini-
mum and maximum salaries of county officials in counties having
a population of not less than 20,000, nor more than 190,000,
according to the last preceding Federal census, Article 3912e,
Section 13, provides:

> "Art. 3912e, Sec. 13. The Commissioners'
> Court in counties having a population of twenty
> thousand (20,000) inhabitants or more, and less
> than one hundred and ninety thousand (190,000)
> inhabitants according to the last preceding
> Federal Census, is hereby authorized and it
> shall be its duty to fix the salaries of all
> the following named officers, to-wit: sheriff,
> assessor and collector of taxes, county judge,
> county attorney, including criminal district
> attorneys and county attorneys who perform

Honorable C. J. Wilde, Page 4

> the duties of district attorneys, district
> clerk, county clerk, treasurer, hide and ani-
> mal inspector. Each of said officers shall be
> paid in money an annual salary in twelve (12)
> equal installments of not less than the total
> sum earned as compensation by him in his of-
> ficial capacity for the fiscal year 1935, and
> not more than the maximum amount allowed
> such officer under laws existing on August 24,
> 1935; . . .."

The foregoing provision _fixed_ the salaries of county
officers, in counties within the designated population bracket,
at not more than the maximum compensation allowed such officers
under laws existing August 24, 1935, Nacogdoches County v.
Jinkins, 140 S. W. (2d) 901. Under said Article, the maximum
set forth serves as a "ceiling" on the salaries of county of-
ficers in counties within that population bracket (20,000 to
190,000), and said maximum or "ceiling" is fixed on the basis
of an unchangeable past situation; this is, the maximum com-
pensation allowed said officers under laws existing August 24,
1935. Also, we call to your attention that under laws exist-
ing August 24, 1935, there were no provisions authorizing an
increase in officer's salaries in addition to the maximum
fees which said officers were allowed to retain under Artic-
les 3883 and 3896. The provisions of Article 3912e, Section
13, authorizing the percentages to be added to the foregoing
maximum compensation for county officers in counties within
certain population brackets and having certain assessed val-
uation were not effective until January 1, 1936. Therefore
said percentages of increase, authorized by the "provisos"
of Article 3912e, Section 13, could constitute no part of
the maximum compensation fixed under laws existing August
24, 1935. With reference to said "provisos", the language
of Article 3912e, Section 13, is as follows:

> ". . . provided that in counties having a
> population to twenty thousand (20,000) and less
> than thirty-seven thousand five hundred (37,500)
> according to the last preceding Federal Census,
> and having an assessed valuation in excess of
> Fifteen Million ($15,000,000.00) Dollars, ac-
> cording to the last approved preceding tax roll
> of such county the maximum amount allowed such
> officers as salaries may be increased one (1%)

Honorable C. J. Wilde, Page 5

per cent for each One Million ($1,000,000.00)
Dollars valuation or fractional part thereof, in
excess of said Fifteen Million ($15,000,000.00)
Dollars valuation over and above the maximum
amount allowed such officers under laws exist-
ing on August 24, 1935; and provided that in
counties having a population of thirty-seven
thousand five hundred (37,500) and less than
sixty thousand (60,000) according to the last
preceding Federal Census, and having an
assessed valuation in excess of Twenty Million
($20,000,000.00) Dollars, according to the
last preceding approved tax roll of such
county, the maximum amount allowed such
officers as salaries, may be increased one
(1%) per cent for each One Million ($1,000,000.00)
Dollars valuation or fractional part thereof, in excess
of said Twenty Million ($20,000,000.00) Dollars
valuation over and above the maximum amount
allowed such officer under laws existing on
August 24, 1935."

As to population, the applicability of said "provisos"
is dependent upon the population of a county according to the
last preceding Federal Census. It would be possible for a
county to be within a particular population bracket, according
to one preceding Federal Census, and, after the next Federal
Census, a county might be outside that bracket, thereby render-
ing the "provisos" inapplicable to that particular county. As
to valuation, the applicability of the foregoing "provisos" is
dependent upon the assessed valuation of a county according to
the last approved tax roll. It would be possible for a county
to have the required valuation one year, and, the next year,
it might not have the prescribed valuation, and such condition
would render the "provisos" inapplicable to that particular
county. As we construe the language of Article 3912e, Sec-
tion 13, when a county is within the general population
bracket (20,000 - 190,000), the maximum salaries for county
officers is fixed at the maximum compensation which county
officers were allowed in said county under laws existing
August 24, 1935, unless the population of said county (based
on the last preceding Federal census) and the assessed valu-
ation (based on the last approved tax roll) is such that one
of the "provisos" is applicable to said county, thereby

Honorable C. J. Wilde, Page 6

authorizing the percentage of increase to be added to the foregoing maximum compensation.

In view of the foregoing, we are constrained to adhere to the previous holdings of this department in Opinion Nos. 0-2546 and 0-2582.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      J. A. Ellis
          Assistant

JAE:ddt

APPROVED

